```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF OKLAHOMA

JARED A. REEVES,                      )
                                      )
         Plaintiff,                   )
                                      )
v.                                    )     No. CIV-10-5-FHS-KEW
                                      )
MICHAEL ASTRUE, Commissioner          )
Social Security Administration        )
                                      )
         Defendant.                   )
```

## OPINION AND ORDER

Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) on May 10, 2012. Judgment was entered in favor of Plaintiff on January 24, 2011, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a May 6, 2012, Notice of Award finding in favor of Plaintiff and determining that Plaintiff was entitled to disability benefits in the amount of $79,603.00 for a period of disability between September 2005 and April 2012. Plaintiff's counsel received a copy of the Notice of Award on May 9, 2012.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such

1

fees well after the expiration of the fourteen-day period.  Id. at 505.  The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits."  Id.  The Court finds it appropriate to authorize Plaintiff's counsel to file her § 406(b)(1) motion for attorney fees following the receipt of the May 6, 2012, Notice of Award. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of being informed of the past-due benefits amount.  Counsel's motion filed on May 10, 2012 - four days from the issuance of the May 6, 2012, Notice of Award and one day from her receipt of the Notice of Award - is therefore timely.

     Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $19,900.75 for counsel's representation of Plaintiff before the Court.  Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b).  Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $19,900.75.  The Commissioner has filed an informative response on the various points of law to be considered, including a suggestion that any award reflect no more than double Plaintiff's attorney's per hour non-contingency rate, but does not challenge the reasonableness of the requested fee.  Plaintiff has not filed any response or objection.  The Court has conducted an independent review of the record,

including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $19,900.75 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) is granted in the amount of $19,900.75.  Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($6,026.20) previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  This refund is for the full EAJA amount, without any withholding, offset, or deduction.

It is so ordered this 29th day of May, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

3